<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARTHUR MCKEE WISEHART, | |
| Plaintiff | Civil Action No. 15-2768 (ES) (MAH) |
| v. | OPINION |
| ARTHUR DODSON WISEHART, WISEHART SPRINGS INN, AND CHARLES WINSTON WISEHART, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff's motion: (1) to vacate the Clerk's order extending Defendants' time to answer, (2) to disqualify defense counsel; and (3) for the Clerk's entry of default and default judgment. (D.E. No. 6). Also pending before the Court is Defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer this action to a proper venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). (D.E. No. 8). The Court resolves the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court denies Plaintiff's motions and grants Defendants' motion.

**I.   BACKGROUND**

On April 20, 2015, *pro se* Plaintiff Arthur M. Wisehart[1] filed suit against his adult sons, Arthur D. Wisehart ("ADW") and Charles W. Wisehart ("CWW"), and the Wisehart Springs Inn

---

[1] Plaintiff Arthur M. Wisehart has a law degree from the University of Michigan Law School. (Compl. ¶ 14).

1

(collectively, "Defendants"). (D.E. No. 1, Complaint ("Compl.") ¶ 1; D.E. No. 8-1, Defendant's Brief in Support of their Motion to Dismiss ("Def. Mov. Br.") at 2). Plaintiff alleges that Defendants violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–68, by entering into a racketeering enterprise "in order to steal, misappropriate entitlements, personal and real property, involving chattels, and assets and properties Stock Certificates, water rights, and other properties belonging to the plaintiff." (Compl. ¶ 18). Plaintiff's allegations relate to real property located in New York, farming property located in Ohio, and real property located in Colorado. (*Id.* ¶ 19).

The Complaint contains the following claims: (1) false advertising and trespass relating to Defendant Wisehart Springs Inn, which is located in Colorado, (*id.* ¶¶ 30–31); (2) misappropriation and laundering of Plaintiff's property, (*id.* ¶ 62); (3) breach of fiduciary duty by ADW, (*id.* ¶63); (4) colluding or conspiring by ADW and others to secure Plaintiff's signature on a document relating to the Dorothy R. Wisehart Trust while Plaintiff was sick in Illinois, (*id.* ¶73); and (5) the theft of water rights relating to property located in Colorado, (*id.* ¶ 83).

On May 14, 2015, Defendants requested an extension of time to answer, move, or otherwise reply to Plaintiff's Complaint. (D.E. No. 5). The Clerk of the Court granted the request, and ordered Defendants to answer by May 29, 2015. (D.E. dated 5/15/2015). Prior to the May 29, 2015 deadline, Plaintiff filed the instant motion to vacate the Clerk's Order, disqualify defense counsel, and for entry of default against Defendants. (D.E. No. 6). Defendants filed the instant motion to dismiss on May 29, 2015. (D.E. No. 8). The motions are now ripe for adjudication.

## II.     DISCUSSION

### A.     Plaintiff's Motion to Vacate Clerk's Order

Plaintiff argues that the Court should vacate the Clerk's May 15, 2015 order given defense counsel's purported fraud upon the Court. (D.E. No. 6-1, Brief in Support of Plaintiff's Motion ("Pl. Mov. Br.") at 1-3). In particular, Plaintiff contends that defense counsel's May 14, 2015 application to the Clerk's Office for an extension of time contained incorrect dates, and thus, the Clerk relied upon "false statements[] and misrepresentations" when granting the request. (*Id.* at 2).

The Clerk of the Court issued the Summons on April 21, 2015 and April 23, 2015. (D.E. Nos. 2, 3). On May 13, 2015, Plaintiff filed affidavits of service, stating that ADW and Wisehart Springs were served on April 27, 2015, and CWW was served on May 5, 2015. (D.E. No. 4). In their application for an extension of time, Defendants indicated that they were served on April 24, 2015. (D.E. No. 5). Defendants contend that they waived service of process and were deemed to have accepted service on April 24, 2015. (D.E. No. 12, Defendants' Opposition Brief to Plaintiff's Motion ("Def. Opp. Br.") at 5). According to Defendants, "[b]uilding in three days for out-of-state mailing, the earliest that the Defendants could have been served with the Court issued summons was April 24, 2015." (*Id.* at 4).

Defendants' representation is not inconsistent with Plaintiff's allegation that Defendants were personally served on April 27, 2015 and May 5, 2015. As Defendants indicated, it is plausible that the process servers personally served Defendants after they accepted service of process via the Clerk's Summons issued on the electronic docket. (*See* D.E. Nos. 2, 3). Defendants' acceptance of service on April 24, 2015 does not foreclose the possibility that Defendants were

also personally served on April 27, 2015 and May 5, 2015. If anything, this amounts to a lack of communication between the parties.

Moreover, the Court finds that Plaintiff has suffered no prejudice based upon Defendants representation that they were served on April 24, 2015. Indeed, Defendants' caused prejudice to themselves. If Defendants were served on April 24, 2015, the time to file an answer would have expired twenty-one days thereafter, on May 15, 2015. If Defendants were served on April 27, 2015 and May 5, 2015, the time to file an answer would have expired twenty days thereafter, on May 18, 2015 and May 26, 2015. Thus, the Clerk's reliance on Defendants' date did not cause Plaintiff prejudice. Accordingly, the Court denies Plaintiff's motion to vacate the Clerk's May 15, 2015 order.

### B. Plaintiff's Motion to Disqualify Counsel

Next, Plaintiff requests that the Court disqualify defense counsel Keith Lancaster Hovey, Esq. and his law firm Wilentz, Goldman & Spitzer, PA. (Pl. Mov. Br. at 3-9). According to Plaintiff, Mr. Hovey and his firm should be disqualified because of the "false, fraudulent, and fabricated application filed . . . on May 14, 2015" for an extension of time. (*Id.* at 4). Moreover, Plaintiff contends that Mr. Hovey and his firm should be disqualified because of a purported conflict of interest derived from Mr. Hovey's concurrent representation of all three Defendants. (*Id.* at 5).

Pursuant to Local Civil Rule 103.1(a), issues related to professional ethics are governed by the Rules of Professional Conduct ("RPC") of the American Bar Association, as revised by the New Jersey Supreme Court. *See Chi Ming Yau v. He Cheng Rest. Corp.*, No. 12-6754, 2015 WL 3540596, at *4 (D.N.J. June 2, 2015); *see also* L. Civ. R. 103.1(a). When considering a motion to disqualify counsel, the movant bears the burden of establishing that a RPC was violated. *Chi Ming*

4

*Yau*, 2015 WL 3540596, at *4 (citing *Cavallaro v. Jamco Prop. Mgmt.*, 760 A.2d 353, 361 (N.J. Super. Ct. App. Div. 2000)). Disqualification is a hard remedy, "which courts should hesitate to impose except when absolutely necessary." *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993); *Id.* at *4. "[T]he court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980).

Plaintiff contends that Mr. Hovey violated RPC 1.8(a), Conflict of Interest: Current Clients: Specific Rules; RPC 3.3(a)(1)-(5), Candor Towards the Tribunal; RPC 3.4(a)-(b), Fairness to Opposing Party and Counsel; RPC 3.5, Impartiality and Decorum of the Tribunal; RPC 3.7, Lawyer as Witness; RPC 5.1, Responsibilities of Partners, Supervisory Lawyers, and Law Firms; and RPC 8.4, Misconduct. (Pl. Mov. Br. at 6).

Given Plaintiff's arguments, it appears that he seeks to invoke RPC 1.7, for Mr. Hovey's alleged concurrent representation of clients, rather than RPC 1.8(a), which governs business transactions between clients and lawyers. RPC 1.7 states in relevant part that, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . the representation of one client will be directly adverse to another client . . . ." RPC 1.7(a)(1). However, RPC 1.7 further states that "[n]otwitstanding the existence of a concurrent conflict of interest . . . a lawyer may represent a client if . . . each affected client gives informed consent confirmed in writing, after full disclosure and consultation . . . ." RPC 1.7(b).

It is undisputed that Defendants are current clients of Mr. Hovey. However, a RPC 1.7 conflict only exists if Defendants' interests are "directly adverse." Plaintiff has failed to meet his

burden of establishing that Defendants' interests are "directly adverse" at this juncture in the litigation. Moreover, RPC 1.7 allows the affected parties to waive the conflict with informed consent confirmed in writing, and Defendants have indicated that any such conflict has been waived. (Def. Opp. Br. at 6). Given Defendants' representation that any such waiver has been waived, and Plaintiff's failure to meet his burden of establishing a violation, the Court finds that disqualification is not "absolutely necessary." *See Alexander*, 822 F. Supp. at 1114.

With respect to RPC 3.3, 3.4, 3.5, 3.7, 5.1, and 8.4, the Court concludes that disqualification is unwarranted. Plaintiff has not met his burden of establishing how each rule was violated; he merely mentions these rules in passing. (*See* Pl. Mov. Br. at 6). Moreover, to the extent that Plaintiff bases his argument on Mr. Hovey's alleged misrepresentation in the May 14, 2015 application for an extension of time, the Court concludes that disqualification is not "absolutely necessary." *See Alexander*, 822 F. Supp. at 1114. Mr. Hovey, by way of Defendant's Opposition Brief, indicated that the May 14, 2015 application contained the April 24, 2015 date because it was "the date that Defendants believed service was affected." (Def. Opp. Br. at 3). The Court finds this explanation to be sufficient. Indeed, it is plausible that Defendants accepted service of process by retrieving the Complaint from the Court's electronic docket before they were personally served. And, as the Court previously stated, Plaintiff was not prejudiced by the Clerk's reliance on the April 24, 2015 date. Accordingly, Plaintiff's motion to disqualify counsel is denied.

    **C.**    **Plaintiff's Motion for Entry of Default and Default Judgment**

Plaintiff contends that the Court should enter default judgment against Defendants because they failed to respond to the Complaint in a timely manner. (Pl. Opp. Br. 9-12). Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P.

6

55(a). Plaintiff avers that ADW and Wisehart Springs were required to respond to the Complaint by May 18, 2015, and that CWW was required to respond by May 26, 2015. (*Id.* at 9).

Pursuant to Federal Rule of Civil Procedure 12(a), "a defendant must serve an answer . . . within 21 days after being served with the summons and complaint . . . ." Fed. R. Civ. P. 12(a). Furthermore, according to Local Civil Rule 6.1(b), "[t]he time within which to answer or reply to any pleadings as to which a responsive pleading is permitted may, *before the expiration of the original deadline* to answer or reply thereto, and with or *without notice*,[2] be extended for a period not to exceed 14 days on order granted by the Clerk." L. Civ. R. 6.1(b) (emphasis added). Thus, under Federal Rule of Civil Procedure 12(a) and Local Civil Rule 6.1(b), a defendant timely responds to a complaint if he or she seeks an extension of time to answer before the original twenty-one day deadline expires.

Here, Defendants applied for an extension of time before the expiration of the May 18, 2015 and May 26, 2015 deadlines. Given that Defendants were permitted to seek an extension, and did so in accordance with this District's Local Civil Rules, the Court concludes that Defendants timely responded to the Complaint. Accordingly, Plaintiff's motion for entry of default and default judgment is denied.

### D.     Defendants' Motion to Dismiss Plaintiff's Complaint

Defendants argue that the Complaint should be dismissed for improper venue pursuant to Federal Rule of Civil Procure 12(b)(3). Venue is established under 28 U.S.C. § 1391, which states that a civil action may be brought in:

---

[2] Plaintiff also contends that Defendants' application for an extension was an improper and unethical *ex parte* application because Plaintiff did not learn of the Court's electronic docket until after the application was made. (D.E. No. 14, Plaintiff's Reply Brief in Support of Motion to Vacate Clerk's Entry at 2). However, Local Civil Rule 6.1(b) indicates that notice is not required. Accordingly, the Court concludes that it was not improper for Defendants to file the application when Plaintiff did not have access to the electronic docket.

7

>   (1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>   (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>   (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Moreover, RICO's venue provision, which supplements 28 U.S.C. § 1391(b), provides that: "[a]ny civil action or proceeding under this chapter *against any person* may be instituted in the district court of the United States for any district in which *such person* resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a) (emphasis added). The "person" discussed in RICO's venue provision is the defendant. *See Kunkler v. Palko Mgmt. Corp.*, 992 F. Supp. 780, 781 (E.D. Pa. 1998) ("The specific venue provision in RICO provides, in pertinent part, that venue is proper in "any district in which [the defendant] resides, is found, has an agent, or transacts his affairs." (alteration in original)); *see also Shuman v. Computer Associates Int'l, Inc.*, 762 F. Supp. 114, 116 (E.D. Pa. 1991) (discussing where the defendant resides and "transacts his affairs" under RICO's venue provision). RICO's venue provision also states that where "the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned." 18 U.S.C. § 1965(b). However, where venue would be proper elsewhere and no defendant resides in the district where the action is brought, justice does not require the action to remain in that district. *Eastman v. Initial Investments, Inc.*, 827 F. Supp. 336, 338 (E.D. Pa. 1993) (discussing motion to dismiss or transfer in RICO case).

On a motion to dismiss for improper venue, the Court must accept all allegations in the complaint as true. *MacKay v. Donovan*, 747 F. Supp. 2d 496, 502 (E.D. Pa. 2010). The parties

8

may, however, submit affidavits in support of their respective positions. *Id.* The movant bears the burden to establish that venue is improper. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 160 (3d Cir. 2012).

The Complaint alleges that:

> Under RICO . . . venue is proper in the United States District Court in New Jersey because a substantial part of the events giving rise to plaintiff's claims occurred within this judicial district, and because plaintiff is a citizen and resident of . . . the State of New Jersey . . . where he also has his office as an asset manager for his interests, and those of the Dorothy R. Wisehart Trust.

(Compl. ¶ 6).

As an initial matter, Plaintiff's residence in New Jersey is insufficient to establish venue under § 1391 or the RICO venue provision. *See Reynolds Publishers, Inc. v. Graphics Fin. Grp., Ltd.*, 938 F. Supp. 256, 261 n.4 (D.N.J. 1996) ("Thus, the plaintiff's residence . . . is irrelevant to the determination of venue under section 1391(a) unless it happens to coincide with a venue otherwise permitted by 1391(a)(1), (2) or (3)."); *Kunkler*, 992 F. Supp. at 781 ("The specific venue provision in RICO provides, in pertinent part, that venue is proper in any district in which [the defendant] resides, is found, has an agent, or transacts his affairs." (alteration in original)). Accordingly, Plaintiff's allegation that venue is proper in New Jersey because he "is a citizen and resident of . . . the State of New Jersey" is immaterial to determining venue.

Defendants contend that Plaintiff's allegations are insufficient to establish venue in light of the substantiality requirement. (Def. Mov. Br. at 6). In particular, Defendants argue that none of the claims contained in the Complaint are alleged to have occurred in New Jersey. (*Id.*).

The test to determine whether a substantial part of the events or omissions occurred "is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." *Bockman*, 459 F. App'x at 161. "In assessing whether events

9

or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* at 294.

Here, Defendants have met their burden of establishing that venue is improper. Upon accepting the allegations in the Complaint as true, there are only two allegations that relate to New Jersey: (1) Plaintiff's place of residence, (Compl. ¶ 6), and (2) Plaintiff's allegation that, while in New Jersey, ADW admitted to trespassing on property located in Colorado, (*Id.* ¶ 121). Nowhere else in the 127 paragraph Complaint is New Jersey mentioned.

Moreover, all of the allegations in the Complaint stem from actions and fraudulent misrepresentations related to property elsewhere. Indeed, Plaintiff alleges that Defendants committed a RICO violation by publishing false information on the Internet related to the Wisehart Springs Inn, which is located in Colorado. (*Id.* ¶¶ 38-106). There is no allegation that the alleged fraudulent statements were made or drafted in New Jersey. Plaintiff also alleges that, beginning in November 2009, ADW and CWW colluded with one another to make a false written instrument appointing ADW as co-trustee of the Dorothy R. Wisehart Trust. (*Id.* ¶¶ 52-73, 88). But, there is no allegation that the false written instrument was created, signed, or notarized in New Jersey. In fact, the alleged false written instrument was notarized in Illinois. (*Id.* ¶ 73). Plaintiff also alleges that Defendants fraudulently induced Elizabeth D. Wisehart to sign a false written instrument for their illegal financial benefit, (*id.* ¶¶ 107-127), but does not allege that this occurred in New Jersey.

In light of the above, the Court concludes that a substantial part of the events giving rise to Plaintiff's claims did not occur in New Jersey. Accordingly, the Court dismisses the Complaint for improper venue *without prejudice*.

Because the Court dismisses the Complaint for improper venue, it need not reach Defendants' motion to transfer.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion, (D.E. No. 6), and GRANTS Defendants' motion to dismiss, (D.E. No. 8), *without prejudice*. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**