**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| | : | |
| ARTHUR MCKEE WISEHART, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 15-2768 (ES) (MAH) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| ARTHUR DODSON WISEHART, | : | |
| WISEHART SPRINGS INN, AND | : | |
| CHARLES WINSTON WISEHART, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

SALAS, DISTRICT JUDGE

Before the Court is *pro se* Plaintiff Arthur McKee Wisehart's motion to vacate this Court's March 3, 2016 Order dismissing the case *with prejudice*. (D.E. Nos. 28, 30). For the following reasons, the Court GRANTS Plaintiff's motion.

On April 18, 2015, Plaintiff initiated this action alleging that Defendants violated multiple provisions of the Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. (D.E. No. 1).[1] On May 26, 2015, Plaintiff filed a motion seeking an order (1) vacating the Clerk's order extending Defendants' time to answer, (2) disqualifying defense counsel and imposing applicable sanctions, and (3) providing for Clerk's entry of default and default judgment against the Defendants. (D.E. No. 6). Shortly thereafter, Defendants filed a motion to dismiss Plaintiff's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (D.E. No. 8). On December 29, 2015, the Court denied Plaintiff's motions and granted

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

Defendants' motion to dismiss for improper venue.  (D.E. No. 26).  The Court further issued an Order dismissing the case *without prejudice* and directing Plaintiff to file an amended complaint within forty-five days.  (D.E. No. 27).  That Order specifically advised that Plaintiff's "failure to file an amended complaint by this deadline will result in dismissal of the case *with prejudice* . . . ."  (*Id.*).  Plaintiff failed to file an amended complaint within forty-five days.  Consequently, on March 3, 2016, the Court issued an Order dismissing Plaintiff's complaint *with prejudice*.  (D.E. No. 28).

On March 14, 2016, Plaintiff filed the present motion to vacate the March 3, 2016 Order dismissing the case *with prejudice*.[2]  (D.E. No. 30).  Defendants filed opposition to Plaintiff's motion on April 1, 2016.  (D.E. No. 32, Opposition to Plaintiff's Motion to Vacate ("Def. Opp. Br.")).  On April 11, 2016, Plaintiff filed a reply brief and a supporting declaration.  (D.E. No. 34).  Plaintiff filed additional declarations in support of his motion on June 22, 2016 (D.E. No. 35), August 9, 2016 (D.E. No. 36), and September 8, 2016 (D.E. No. 37).[3]

Federal Rule of Civil Procedure 60 provides the legal standards for vacating a judgment or an order.  Plaintiff argues that his motion to vacate the March 3, 2016 Order should be granted

---

[2]  Plaintiff also asserts in his motion that the Court erred as a matter of law in its December 29, 2015 Opinion (D.E. No. 26) by "declining to grant an order of default against each defendant."  (D.E. No. 30 at 2).  As Plaintiff has filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit appealing the Court's December 29, 2015 Opinion (D.E. No. 31), the Court lacks jurisdiction to address this issue.  *See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros.*, 198 F.3d 391, 394 (3d Cir. 1999) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  To be sure, the Third Circuit stayed Plaintiff's appeal pending disposition of Plaintiff's motion to vacate (D.E. No. 33), so the Court properly has jurisdiction to address only Plaintiff's motion to vacate.  Accordingly, Defendants' argument that this Court does not have jurisdiction to hear Plaintiff's motion to vacate because he filed a notice of appeal (Def. Opp. Br. at 2) is moot.

[3]  Plaintiff's June 22, 2016 declaration accuses the Court of improper bias, relying on the Supreme Court's recent decision in *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016).  (*See* D.E. No. 35).  Plaintiff's August 9, 2016 declaration asks the Court to take judicial notice of the Second Circuit's decision in *Chevron Corp. v. Donziger*, 833 F.3d 74 (2d Cir. 2016) in considering Plaintiff's motion to vacate.  (*See* D.E. No. 36).  And Plaintiff's September 8, 2016 declaration urges for an expedited ruling due to Plaintiff's advanced age.  (*See* D.E. No. 37).

under Federal Rule of Civil Procedure 60(b)(1), (2), (3), and (6).  (D.E. No. 30 at 1-3).[4]  Plaintiff maintains that the Clerk of Court failed to serve him with copies of the December 29, 2015 Opinion and Order and that this lack of service constitutes extraordinary circumstances requiring the Court to vacate the March 3, 2016 Order.  (*Id.*).

The Court finds that Plaintiff's motion to vacate is properly analyzed under Federal Rule of Civil Procedure 60(b)(1).  Rule 60(b)(1) provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  The Third Circuit has analyzed a variety of factual scenarios as excusable neglect under Rule 60(b)(1), including where a defendant corporation had no actual notice that a suit had been entered against it, *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 246 (3d Cir. 1951), and where a defendant claimed he failed to receive notice to appear at status conferences, *Williams v. Cambridge Integrated Servs. Grp.*, 235 F. App'x 870, 872 (3d Cir. 2007).  Similarly, here, Plaintiff's contention that he failed to file an amended complaint within forty-five days because he was not served with the December 29, 2015 Opinion and Order is appropriately analyzed as excusable neglect.

When considering if a party's conduct constitutes excusable neglect requiring that an order be vacated under Rule 60(b)(1), a court must take into account all relevant circumstances surrounding the party's omission, including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  This determination is equitable in nature.  *Id.*

---

[4]     The Court uses the ECF-generated page numbers that appear in the header of Plaintiff's motion to specify pages therein.

Analyzing these factors here, the Court finds that Plaintiff's failure to file an amended complaint within forty-five days amounts to excusable neglect. Three of these factors strongly weigh in favor of Plaintiff. First, although Defendants obtained a favorable result by the dismissal of Plaintiff's case, the inquiry under the first factor calls for a more detailed analysis; otherwise "virtually all late filings would be condemned by this factor." *In re O'Brien Envtl. Energy, Inc*., 188 F.3d 116, 126 (3d Cir. 1999). Other circuits have held that prejudice is not merely the loss of an advantageous position, but is more closely tied to the merits of the issue. *See, e.g.*, *Pratt v. Philbrook,* 109 F.3d 18, 22 (1st Cir. 1997) ("Of course, it is always prejudicial for a party to have a case reopened after it has been closed advantageously by an opponent's default. But we do not think that is the sense in which the term "prejudice" is used" in *Pioneer*."). Here, Defendants have not asserted loss of available evidence, increased potential for fraud or collusion, substantial reliance upon the judgment, or any other reason suggesting that granting Plaintiff's motion to vacate would prohibit Defendants from advancing a meritorious defense. *See Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656–57 (3d Cir. 1982) (listing factors to consider in prejudice analysis). Accordingly, the Court finds little danger of prejudice to Defendants, and thus this factor weighs in favor of Plaintiff.

Second, the length of the delay was insubstantial. Although Plaintiff failed to file an amended complaint within forty-five days, he promptly filed the motion to vacate the March 3, 2016 Order on March 14, 2016. (*See* D.E. No. 30). Thus, the length of this delay is unlikely to have an adverse impact on the judicial proceedings. *Compare Pioneer*, 507 U.S. at 385, 397-98 (upholding Bankruptcy Court's finding that 20-day delay in filing the proofs of claim would have no adverse impact on efficient court administration), *with Williams*, 235 F. App'x at 873 (holding that five-month delay in inquiring about status of case was substantial). Finally, considering the

fourth factor, there is no evidence of bad faith by Plaintiff.  Indeed, Plaintiff's prompt filing of his motion to vacate suggests that Plaintiff acted in good faith.  Moreover, Plaintiff has adhered to all other filing deadlines for his submissions.  (*See, e.g.*, D.E. Nos. 11, 14, 20).

The third factor—the reason for the delay and whether it was within the reasonable control of the movant—is a closer call.  Defendants contend that "there is a presumption the Clerk performed his duty."  (Def. Opp. Br. at 4) (citing *Carey, Baxter & Kennedy, Inc. v. Wilshire Oil Co. of Tex.*, 346 F.2d 110, 112 (10th Cir. 1965)).  Defendants also note that "Plaintiff's address appears correct and unchanged" and that "the Clerk has properly served the Plaintiff throughout the case without complication."  (Def's Opp. Br. at 4).  But the Court finds these arguments less persuasive here because Plaintiff is acting *pro se*.  *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

The Court recognizes that *pro se* litigants must adhere to the Court's rules; however, circumstances here suggest that Plaintiff may have difficulty receiving notice from the Court.  For one, Plaintiff does not receive electronic notice of filings via email.  (*See generally* Civil Action No. 15-2768).  Additionally, mail sent to Plaintiff by the Clerk's Office on October 9, 2016 was returned as undeliverable, suggesting that there may be an issue with Plaintiff receiving mail at his address.  (*See* D.E. No. 38).  Even assuming that the Clerk performed his duty by mailing Plaintiff copies of the December 29, 2015 Opinion and Order via first-class mail, it is possible that Plaintiff nevertheless did not receive this mail.  Thus, taking Plaintiff at his word that he did not receive

copies of the December 29, 2015 Opinion and Order, the Court concludes that the reason for the delay was not reasonably within control of Plaintiff.

On balance, the totality of the circumstances surrounding Plaintiff's failure to file an amended complaint within forty-five days of the December 29, 2015 Opinion and Order support the Court's conclusion that Plaintiff's conduct amounts to excusable neglect.  This excusable neglect constitutes good cause entitling Plaintiff to relief under Federal Rule of Civil Procedure 60(b)(1).  *See George Harms Const. Co. v. Chao*, 371 F.3d 156, 165 (3d Cir. 2004).  Accordingly, Plaintiff's motion to vacate the March 3, 2016 Order is GRANTED.

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**