UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTHUR MCKEE WISEHART, | : | |
| | : | Civ. No. 15-2768 (ES) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ARTHUR DODSON WISEHART, | : | |
| WISEHART SPRINGS INN, AND | : | |
| CHARLES WINSTON WISEHART, | : | OPINION |
| | : | |
| Defendants. | : | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on the motion of Defendants challenging venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406. D.E. 45. Defendants argue that the Court should either dismiss the matter under Rule 12(b)(3) or transfer it to the United States District Court for the District of Colorado. Plaintiff pro se Arthur McKee Wisehart opposes the motion. D.E. 46. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, the Court will grant Defendants' motion in part, and transfer this matter to the District of Colorado.

I. **BACKGROUND**

   a. **Facts**

Plaintiff pro se, Arthur McKee Wisehart, alleges a variety of claims against his two adult sons, Arthur D. Wisehart (ADW) and Charles Winston Wisehart (CWW), and the Wisehart Springs Inn, a Colorado bed and breakfast (collectively "Defendants"). Plaintiff resides in New Jersey. Am. Compl. ¶35. Defendants ADW is a resident of Colorado, and the Wisehart Springs Inn is located in Colorado.[1] Defendant CWW is a resident of New York. Id. ¶¶45, 87, 90.

Invoking the Racketeering and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et. seq., and the New Jersey Racketeer Influenced and Corrupt Organizations Act (NJ RICO), N.J.S.A. 2C:41-1 et seq., Plaintiff alleges that Defendants "engag[ed] in a systematic and persistent pattern and practice of racketeering activities and civil conspiracy in order to steal, misappropriate entitlements, personal property, involving chattels, and assets and properties and stock certificates, water rights, and other properties belonging to the plaintiff." Am. Compl. ¶44, D.E. 43. Although Plaintiff purports to bring this action under federal and state racketeering laws, and refers to RICO quite often, the Amended Complaint does not explicitly present a RICO claim. Instead, the Amended Complaint specifically delineates the following three counts: (1) fraudulent concealment, (2) fraud and deceit and (3) unjust enrichment. Id. ¶¶111-82.

The factual allegations in the Amended Complaint are sprawling. But they appear to arise primarily from a dispute over land in Colorado once owned by the Dorothy R. Wisehart Trust ("the DRW Trust"), for which Plaintiff was once the sole trustee.[2] Plaintiff alleges that in November

---

[1] Plaintiff states that Defendant ADW could also be a resident of Illinois. Am. Compl. ¶45.

[2] According to the Amended Complaint, Plaintiff's mother created he DRW Trust in 1987. In 1992, Plaintiff was appointed as a trustee. Am. Compl. ¶¶42-43. The Trust was executed in Indiana "in accordance with the laws of the State of Indiana." Id. ¶114; Exh. 17 to Am. Compl.

2

2009, ADW and CWW and other family members fraudulently induced him to sign a document appointing ADW as Plaintiff's co-trustee of the DRW Trust. ¶126; Exh. 21 to Am. Compl. Despite the pleading requirements of Federal Rule of Civil Procedure 9(b), the Amended Complaint fails to allege how the family members succeeded in fraudulently inducing him to sign the document. The Amended Complaint also fails to allege where this fraudulent inducement took place. Because of the fraudulent inducement, Plaintiff maintains that the document appointing ADW as co-trustee of the DRW Trust is "invalid, null and void." Id. ¶¶127-29. Plaintiff claims to have unilaterally terminated the DRW Trust in writing on May 12, 2015. Id. ¶13.

The DRW Trust owned land at 39540 and 39508 Pitkin Road in Paonia, Colorado. ("the Colorado property"). Am. Compl. ¶12. Plaintiff does not explain how long the DRW Trust owned this property, or how the property was used when the DRW Trust was the sole owner of the land. Plaintiff alleges that the DRW Trust was dissolved in May 2015, and that he then acquired ownership of the Colorado property. Plaintiff further alleges that he later transferred the property to his wife, Joan Lipin, via "four lawfully recorded Quit Claim Deeds" on January 2, 2016. Id. Plaintiff states that Lipin is the "recorded legal owner in fee simple absolute of the aforesaid real properties, and the structures and residential dwelling thereupon, and also the water and mineral rights." Id.

Much of Plaintiff's Amended Complaint concerns Defendants ADW and CWW's unlawful conduct in regards to this Colorado property where the Wisehart Springs Inn, also a defendant, now stands. For example, Plaintiff claims that Defendants are illegal and continuing trespassers

---

In 1993, upon the death of his mother, Plaintiff became the sole trustee of the DRW Trust. Id. ¶41. Plaintiff claims that the document appointing him as trustee states: "During his lifetime Arthur M. Wisehart shall have a general power of appointment as to both income and principal of this Trust. He may appoint both income and principal to anyone including himself to the exhaustion thereof." Id. ¶116.

on the Colorado property, and that the Wisehart Springs Inn "has engaged and continues to engage, in the solicitation of illegal and prohibited business activities." Am. Compl. ¶¶10-14, 59. Plaintiff claims that through this trespass, Defendants have violated his water rights on the Colorado property, and have collected unlawful proceeds from crops planted on the open fields on the land, thus unjustly enriching Defendants. Am. Compl. ¶¶56, 170. He further alleges that Defendants have been using a Facebook page and a company website to "promote, advertise and solicit its illegal and unlawful business activities." Id. ¶¶11, 52. Plaintiff asserts that Defendants, in so operating and advertising the Inn on the Colorado property, "have acted falsely and fraudulently by soliciting business on the Internet and by engaging in mail and wire fraud in violation of RICO…and also by engaging in false and deceptive unlawful business practices, as a result of their continuing unlawful acts." Id. ¶15. According to Plaintiff, these "false and deceptive business practices in the name of Wisehart Spring Inn," which have resulted in profits from the operation of the inn itself and the profits gained from use of the water and agriculture rights, have unjustly enriched Defendants.

The question of ownership of this Colorado property is currently being litigated in two other courts – the United States District Court for the District of Colorado in a matter initiated by Plaintiff's wife, Joan Lipin, and in a Colorado state court matter initiated by Defendants. Id. ¶¶14, 72, 122. In fact, Plaintiff accuses Defendants of engaging in civil conspiracy with their attorneys by initiating frivolous lawsuits related to property disputes in the state courts of Colorado (Delta County District Court) and Ohio (Preble County Court of Common Pleas).[3] Id. ¶¶17-18, 63-74.

---

[3] It appears from the Amended Complaint that the Colorado state action concerns a similar dispute over the same piece of land where Colorado Springs Inn stands. Am. Compl. ¶¶72, 122. The Ohio state court action appears to stem from a dispute regarding another piece of land that is located in Ohio and that is owned by either the DRW Trust, the Arthur McKee Wisehart Trust ("AMW Trust"), or by Plaintiff himself. Id. ¶¶17-19, 23-26. The AMW Trust was created in 1994 and was

He accuses Defendants and their attorneys of filing unsworn complaints in the state court actions and of the spoliation and alteration of "materially relevant original documents" in the state court actions in Colorado and Ohio and in the federal court action currently pending in the District of Colorado. Id.

In addition to the allegations set forth above, Plaintiff makes other, varied accusations against Defendants. However, it is difficult to understand the relevance of those allegations to the Plaintiff's legal claims against the Defendants.[4]

### b. Procedural History

Plaintiff initiated this action on April 20, 2015. Compl., D.E. 1. On May 29, 2015, Defendants moved to dismiss Plaintiff's Complaint for improper venue, or alternatively, to transfer the matter to the District of Colorado. See Defs.' Mot. to Dismiss, D.E. 8. On December 29, 2015, Judge Salas granted Defendants' motion to dismiss without prejudice to Plaintiff's right to amend his Complaint. Opin., D.E. 26. Judge Salas concluded that there were no "substantial" allegations in Plaintiff's Complaint which related to New Jersey, and therefore, venue was improper in this District. Opin. at 7-11. Plaintiff filed his Amended Complaint on November 28, 2016, and

---

notarized in Broome County, New York. Id. at 23; Exh. 32 to Am. Compl. Plaintiff and ADW were named as co-trustees. Exh. 32 to Am. Compl. Plaintiff claims that ADW and CWW, through the Ohio state court litigation, stole "very valuable farmland" in Ohio, which belonged to the trusts or to Plaintiff directly, and that Defendants then "tortiously interfered with [Plaintiff's] business interests to sell [the Ohio] property at an Auction on July 9, 2015." Id. ¶¶17-18, 157-59.

[4] For example, Plaintiff also accuses his son CWW of "scatter[ing] rat poison all over the kitchen floors and counters" at another one of Plaintiff's properties located in New York. Id. ¶103. Plaintiff also states that ADW and CWW "have conspired to commit, and have committed elder abuse, intentionally, in the State of New Jersey against Plaintiff and his wife, in order to inflict suffering mental pain and anguish, and emotional distress, and economic injuries upon [Plaintiff] and Joan Carol Lipin, and such acts have resulted in serious, and emergency, dental or oral surgery issues." Id. ¶16.

5

Defendants again moved to dismiss for improper venue, or alternatively to transfer the case to the District of Colorado. Mot. to Dismiss, D.E. 45. The present motion was referred by Judge Salas to the Undersigned on December 13, 2016.

## II.  DISCUSSION

Defendants argue that pursuant to 28 U.S.C. §1391(b), venue is improper in New Jersey and the case should therefore be dismissed under Fed. R. Civ. P. 12(b)(3), or alternatively transferred to an appropriate venue under 28 U.S.C. §1406(a). Defs.' Br. in Supp. of Mot. at 4-5, D.E. 45-1.

In all civil cases, 28 U.S.C. §1391 determines proper venue. Under §1391(b), a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Venue is clearly improper in New Jersey under §1391(b)(1) because none of the Defendants reside in New Jersey. As noted previously, ADW is a resident of either Colorado or Illinois, CWW is a resident of New York, and the Wisehart Springs Inn is a resident of Colorado. Am. Compl. ¶¶45, 87, 90.

Venue is also improper under §1391(b)(2) because a "substantial part of the events or omissions giving rise" to Plaintiff's claims did not occur in New Jersey. The Third Circuit has emphasized, and this District has repeatedly confirmed, that the events or omissions giving rise to

6

a claim must be "substantial" and events and omissions which only bear "some tangential connection with the dispute in litigation are not enough." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994). The requirement of "substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Id. The Third Circuit in Cottman explained that:

> The test for determining venue is not the defendant's "contacts" with a particular district, but rather the location of those "events or omissions giving rise to the claim," theoretically a more easily demonstrable circumstance than where a "claim arose." Although the statute no longer requires a court to select the "best" forum, the weighing of "substantial" may at times seem to take on that flavor.

Id. (internal citation omitted). The Third Circuit has also advised that "[i]n assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." Id.

A review of Plaintiff's Amended Complaint indicates that Plaintiff has made only a few passing and unspecific allegations related to New Jersey, and that those allegations do not rise to the level of "substantial" required under § 1391(b)(2). For example, Plaintiff alleges that "Defendants 1-3 have transacted affairs, in the State of New Jersey that are violative of [RICO]," that ADW is the "mastermind of…other torts committed in the State of New Jersey." Am. Compl. ¶¶31, 51. Plaintiff also states that Defendants "committed elder abuse, intentionally, in the State of New Jersey against Plaintiff and his wife." Id. ¶16. Plaintiff also alleges that Defendants "committed acts in the State of New Jersey with intent to cause, and that have caused, irreparable injury to plaintiff, and to Joan Carol Lipin, his wife, and to their business interests, and properties." Id. ¶66. Besides these aforementioned references to New Jersey, there is little other mention of New Jersey in the Amended Complaint. A few passing references to New Jersey embedded in Plaintiff's Amended Complaint, which are extremely vague and appear plainly insignificant to this

7

action, are not enough to establish venue in this District. See Eviner v. Eng, 2013 U.S. Dist. LEXIS 177125, *12 (D.N.J. 2013) (finding that "vague and unspecified communications" occurring in New Jersey were insufficient to confer venue when all of the substantial events giving rise to Plaintiff's case occurred in New York). Similarly, the fact that Plaintiff and his wife have suffered some alleged economic injury in New Jersey cannot justify keeping the case in this District. Loeb v. Bank of Am., 254 F. Supp. 2d 581, 587 (E.D. Pa. 2003) (finding that the "impact of the economic harm" felt by a plaintiff in his preferred District was "woefully insufficient" to confer venue).

On the other hand, Defendants argue, and the Court agrees, that venue would be proper in the District of Colorado pursuant to § 1391(b)(2), and based on 28 U.S.C. § 1406 (a),[5] the case could be appropriately transferred there. Defs.' Br. in Supp. of Mot. at 10, D.E. 45-1. Plaintiff's claims of common law trespass, unjust enrichment, violation of water and mineral rights, false advertising, and deceptive unlawful business practices, all stem from Defendants' alleged illegal use and occupation of the Colorado property, and Defendants' operation of the Wisehart Springs Inn upon it. See generally Am. Compl. The Colorado property is at the heart of Plaintiff's case. Furthermore, Plaintiff's claims regarding the filing of unsworn complaints in "vexatious" litigation allegedly occurred in state court actions currently pending in Colorado and Ohio, not in New Jersey. Plaintiff's claims of fraudulent concealment and spoliation of evidence also occurred in connection with both the state court actions in Colorado and Ohio and in the federal court action pending in the District of Colorado. Id. ¶¶17-18, 63-74. Because a "substantial part of the events or omissions giving rise" to the Plaintiff's claims occurred in Colorado and because a substantial

---

[5] 28 U.S.C. §1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

part of property that is the subject of the action is situated in Colorado, the Court concludes that the District of Colorado is a proper venue for this action. See 28 U.S.C. §1391(b)(2). As such, the Court will transfer the case to the District of Colorado pursuant to 28 U.S.C. §1406(a).

### III.  CONCLUSION

For the reasons set forth above, this Court will **GRANT** Defendants' motion [D.E. 45] and transfer this matter to United States District Court for the Colorado pursuant to 28 U.S.C. § 1406(a).   The Court will deny as moot Defendants' motion to dismiss for improper venue.

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

**Dated:  May 24, 2017**