Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR MCKEE WISEHART, | |
| Plaintiff, | Civil Action No. 15-2768 (ES) (MAH) |
| v. | MEMORANDUM OPINION |
| ARTHUR DODSON WISEHART, WISEHART SPRINGS INN, and CHARLES WINSTON WISEHART, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

1. In December 2016, the Undersigned referred Defendants' motion to dismiss or, in the alternative, to transfer venue (D.E. No. 45), to the Hon. Michael A. Hammer, U.S.M.J. Thereafter, Magistrate Judge Hammer entered an Opinion and Order granting in part Defendants' motion and transferring this matter to the United States District Court for the District of Colorado. (D.E. Nos. 52 (the "Opinion") & 53 (the "Order")).

2. Nineteen days later, *pro se* Plaintiff Arthur McKee Wisehart moved (i) to set aside certain portions of the Opinion; (ii) to vacate the Order; and (iii) to transfer this action to the Northern District of New York. (D.E. No. 56 ("Pl. Mov. Br.")). Defendants opposed Plaintiff's motion (D.E. No. 57), and Plaintiff filed a reply (D.E. No. 58).

3. Although styled as a motion, Plaintiff's submission appears to be an appeal of Magistrate Judge Hammer's non-dispositive order. *See* L. Civ. R. 72.1(c)(1); *see Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P.*, No. 07-1229, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008) ("A motion to transfer a case to another district is considered a non-dispositive motion.").

Indeed, Plaintiff states in his reply brief that he "respectfully appeals to the District Court Judge, the Hon. Esther Salas, U.S.D.J., from the Opinion, and Order, that were issued by Magistrate Judge Michael A. Hammer . . . ." (D.E. No. 58 at 19).

4. Under Local Civil Rule 72.1(c)(1)(A), "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order . . . ." Although Defendants challenge Plaintiff's submission as untimely (*see* D.E. No. 57 at 4), the Court will decide this appeal on the merits in accordance with its discretion and in view of Third Circuit law. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed on the merits whenever practicable."); *see also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

5. When reviewing an appeal of a non-dispositive order, a district court "must review the magistrate judge's findings to determine if any portion of the order is 'found to be clearly erroneous or contrary to law.'" *Siemens Fin. Servs., Inc.*, 2008 WL 564707, at *2 (quoting L. Civ. R. 72.1(c)(1)(A)); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when "'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 547 (D.N.J. 2006) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). The district court will not reverse the magistrate judge's decision "even in circumstances where the court might have decided the matter differently." *Id.* at 547-48.

That said, "a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed *de novo*." *Id.* at 548 (citing *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).

6. As Magistrate Judge Hammer correctly recognized, 28 U.S.C. § 1391 determines proper venue in all civil cases. (Opinion at 6). Under § 1391(b), a civil action may be brought in (1) "a judicial district where any defendant resides, if all defendants reside in the same State"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or"; (3) "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

7. Magistrate Judge Hammer concluded—and this Court agrees—that venue "is clearly improper in New Jersey under § 1391(b)(1) because none of the Defendants reside in New Jersey." (Opinion at 6). As Magistrate Judge Hammer correctly noted, Defendant Arthur Dodson Wisehart is a resident of either Colorado or Illinois, Defendant Charles Winston Wisehart is a resident of New York, and Defendant Wisehart Springs Inn is a resident of Colorado. (*Id.*).

8. Magistrate Judge Hammer also concluded—and this Court agrees—that venue is "improper under § 1391(b)(2) because 'a substantial part of the events or omissions giving rise' to Plaintiff's claims did not occur in New Jersey." (*Id.*) (quoting § 1391(b)(2)). Magistrate Judge Hammer correctly characterized Plaintiff's Amended Complaint as containing "only a few passing and unspecific allegations related to New Jersey" and properly determined that these allegations "are not enough to establish venue in this District." (*Id.* at 7-8) (citing *Eviner v. Eng*, No. 12-2245, 2013 WL 6450284, at *3 (D.N.J. Dec. 6, 2013)). Plaintiff's appeal offers nothing to alter these conclusions. (*See generally* Pl. Mov. Br.).

9. Finally, the Court agrees "that venue would be proper in the District of Colorado pursuant to § 1391(b)(2), and based on 28 U.S.C. § 1406(a), this action could be appropriately transferred there." (Opinion at 8) (footnote omitted). At its core, this case is about property in Colorado. As Magistrate Judge Hammer found, "Plaintiff's claims of common law trespass, unjust enrichment, violation of water and mineral rights, false advertising, and deceptive unlawful business practices, all stem from Defendants' alleged illegal use and occupation of the Colorado property, and Defendants' operation of the Wisehart Springs Inn upon it." (*Id.*) (citing *generally* D.E. No. 43 ("Am. Compl.")). In addition, Plaintiff is asserting claims (such as fraudulent concealment, spoliation of evidence, and the filing of unsworn complaints) stemming from various litigations in Colorado and Ohio, including a pending litigation in the District of Colorado. (*Id.*) (citing Am. Compl. ¶¶ 17-18, 63-74). Thus, a "substantial part of the events or omissions giving rise" to this action occurred in Colorado.

10. For the foregoing reasons, the Court agrees with Magistrate Judge Hammer that this action should be transferred to the United States District Court for the District of Colorado under 28 U.S.C. § 1406(a). (*See id.* at 9). Plaintiff's request to transfer this action to the Northern District of New York is denied as moot. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**